Lore *v.* Pierson.

J. WILLIAM LORE, Appellant, *against* HENRY R. PIERSON,
Respondent.

(Decided December 5th, 1881.)

The defendant, on the expiration of the term for which he had hired cer-
tain premises, left on them furniture and other property, which was
taken and used by the tenant succeeding him, under an agreement that it
should be returned at the defendant's pleasure. After a few months the
defendant's successor also removed, leaving the property in the possession
of the plaintiff, a subtenant of his own, who then hired the premises from
the owner. The plaintiff continued to use the defendant's property for
several months, but then, in March, 1881, gave notice to the defendant
to remove the property or he would charge $20 per month storage on
it ; and upon the defendant, in April, 1881, offering to take it away,
the plaintiff refused to permit its removal, unless $180 was paid him.
On April 18th, 1881, the plaintiff wrote to the defendant that unless the
property was removed within three days, he would consider that the
defendant had leased the premises for one year at the rate of $1,200 per
annum. *Held,* that there was no possession of any part of the premises
by the defendant, and therefore no holding over by him under the plaint-
iff's notice from which a contract to pay the rent demanded could be
implied.

APPEAL from a judgment of the district court in the City
of New York for the First Judicial District.

The action was brought to recover rent for one month,
from April 26th to May 26th, 1881, for premises at No. 252
Broadway, in the city of New York. The facts were, that the
defendant, who was receiver of several corporations, occupied
the premises in question as a tenant of the Trinity Church cor-
poration until May 1st, 1880, when he removed to Albany, leav-
ing in the premises four large iron safes and some office furniture.
The Trinity Church corporation let the premises to one Lock-
wood, from May 1st, 1880, and the latter went into possession
and used the property left by defendant under the following
written agreement signed by him. " List of furniture left
with Mr. Lockwood, the same to be returned at pleasure of H.
R. Pierson, Receiver." (A list of the articles follows.) Lock-

wood continued in possession of the premises until August, 1880. The plaintiff was a subtenant of his, but in August, 1880, the plaintiff hired the premises from the Trinity corporation and went into possession and used the articles above-mentioned, they having been left in his possession by Lockwood. On March 23rd, 1881, plaintiff notified defendant to remove the articles, or he (plaintiff) would charge storage of $20 a month for them. In April, 1881, defendant offered to take the safes away, but as they could only be removed through the front window, plaintiff refused to permit them to be so removed unless $180 were paid him, which defendant declined. On April 18th, plaintiff wrote to defendant that unless he removed his property then occupying a portion of plaintiff's premises within three days, plaintiff would consider that defendant had leased the premises for one year, at the rate of $1,200 per annum. On April 20th, defendant wrote to plaintiff calling his attention to the latter's refusal to deliver the safes, and demanding the return of them.

Judgment was rendered in favor of the defendant. From the judgment the plaintiff appealed to this court.

*G. A. C. Barnett*, for appellant.

*William C. Trull*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The plaintiff contends that the relation of landlord and tenant under a lease for a year at the rate of $1,200 per annum, from April 26th, 1881, is created by his letter to defendant of April 18th, under the authority of *Despard* v. *Walbridge*, 15 N. Y. 374. It was there held, that where a party who was the owner by assignment from the original lessee of the residue of an unexpired term of three years, gave notice to a person who was a subtenant holding under such original lessee, and whose term was then expiring, that in case such person should hold over the plaintiff would consider the premises to be taken for the term of one year at a fixed rent, and such person made no reply but held over and continued to occupy the premises; this was

a virtual assent to the terms prescribed in the notice and created a privity of contract between the parties.

The facts of this case do not bring it within the rule thus established. Defendant was not a tenant or subtenant of the premises when plaintiff gave him the notice in proof, nor had he been since May, 1880. His property was in the premises, and had been used by his successors as his bailees under the agreement on which he left it there. This could not be construed into a possession of any part of the premises by defendant. This was correctly understood by plaintiff; for, in his letter to defendant of March 24th, 1881, he says, "Last August I rented of Trinity Church the offices formerly occupied by you. The safes and desks left here have not been in my way until recently. I have spoken to Trinity Church to have them removed, and they refer me to you. Please have the safes, &c., removed by April 1st, as they are in the way of my renting offices to tenants. If they are not removed by that time, I shall charge you a storage upon them of twenty dollars per month, as they occupy space I can easily rent for that amount." And in his letter of April 21st, 1881, in answer to defendant's demand for the safes, plaintiff says: "As they were left with me to be returned when called for, I am ready to deliver constructive possession of the same."

The justice was right in holding that defendant was not in possession of any part of the premises, and that there was no holding over under the notice of plaintiff, and no contract to pay the rent here demanded could be implied.

The judgment should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.